Filed 4/1/15  P. v. Goudeau CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURENCE GOUDEAU,<br><br>    Defendant and Appellant. | 2d Crim. No. B258234<br>(Super. Ct. No. BA420290)<br>(Los Angeles County) |

Laurence Goudeau appeals from the judgment entered after a jury convicted him of felony evading an officer (count 1; Veh. Code, § 2800.2, subd. (a)), unlawful taking of a vehicle with a prior conviction (count 2; Pen. Code, § 666.5; Veh. Code, § 10851), possession of cocaine base (count 3: Health & Saf. Code, § 11350); and two counts of hit and run driving (counts 6 -7; Veh. Code, § 20002, subd. (a)).  Appellant admitted a prior prison enhancement (Pen. Code, § 667.5, subd. (b))  and was sentenced to seven years four months state prison.

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief raising no issues.  Counsel has also requested that we examine an in camera proceeding regarding two *Pitchess* discovery motions (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531).  We have independently examined the sealed transcript of the in camera proceeding and conclude that the trial

court did not abuse its discretion in refusing to disclose all the police personnel records produced in response to the discovery motions. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232; *People v. Jackson* (1996) 13 Cal.4th 1164, 1220-1221.)

On February 3, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. Appellant responded with three letter briefs which stated, among other things, that his due process rights were violated, that the conviction is not supported by the evidence, that the trial judge was biased, and that the video of the police car chase was fabricated.

The record reflects that Los Angeles Police Department Officer Brian Thayer observed appellant slumped over the wheel of a silver Mercedes that was stopped in a red zone with its headlights on. When Officer Thayer stopped to conduct a DUI investigation, appellant sped off and ran stop lights and signs, traveling 60 miles per hour in a 25 mile per hour zone. During the police chase, appellant hit a parked vehicle, crashed into a stop sign, and sheared off a fire hydrant. Appellant jumped out of the Mercedes, yelled at the officers to shoot him, and then charged the officers and fled in Officer Thayer's police vehicle. Inside the Mercedes, officers found bindles of crack cocaine and a loaded shotgun.

Appellant drove the police vehicle to the police station and parked it. Appellant was arrested and, in a *Miranda* interview, said "you guys messed up my car" and "I should have messed up [the officer's] car."

Before trial, appellant made several *Marsden* motions for new counsel (*People v. Marsden* (1970) 2 Cal.3d 118), was granted a *Faretta* request (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]) to represent himself, and relinquished his pro per status before jury selection at which time the public defender was reappointed to represent appellant. Appellant also made two *Pitchess* motions (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) to discover the personnel records of three officers which were granted in part.

2

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Robert J. Perry, Judge

Superior Court County of Los Angeles

_____

Caneel C. Fraser , under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.